Gregory G. Paul (SBN 233060)
gregpaul@morgan-paul.com
Morgan & Paul, PLLC
131 A Stony Circle
Santa Rosa, CA 95401
(844) 374-7200
(844) 374-7200 (facsimile)

Jeff R. Dingwall (SBN 265432)
jeff@eightandsandlaw.com
Eight & Sand
550 West B Street, Fourth Floor
San Diego, CA 92101
Tel: (619) 796-3464
Fax: (619) 717-8762
jeff@eightandsandlaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON WRIGHT, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| UNION PACIFIC RAILROAD COMPANY, | |
| Defendant. | |

Plaintiff Carlton Wright, by and through his attorneys, and files the following Complaint under the Americans with Disabilities Act, as amended (ADAAA), and the Rehabilitation Act, as amended (RA). If Union Pacific Railroad Company had evaluated Mr. Wright based upon his experience as a

Case 4:18-cv-00938-SWW   Document 1   Filed 07/20/18   Page 2 of 9

railroad conductor over the course of eighteen years, and not upon their misperception and record of his diagnosis of Hypertrophic Cardiomyopathy, without symptoms, Mr. Wright would and should be working today. Mr. Wright's implant of an Automatic Implantable Cardiac Defibrillator (AICD) removes any established risk precluding return to work as a conductor. To the extent that Union Pacific argues that the AICD or any underlying medical condition creates any established risk of harm, Union Pacific failed to provide reasonable accommodations including non-competitive reassignment to vacant and funded positions, for which they have a policy and practice not to do in violation of the ADAAA and Rehabilitation Act. As a result of these violations of federal law, Mr. Wright seeks all available damages including reinstatement to his former position as a conductor and in the alternative, available vacant and funded positions system-wide and in the City of Industry, California.

## **PARTIES**

1.  The plaintiff, Carlton Wright, is an adult individual, residing in Little Rock, AR 72223.

2.  The Defendant, Union Pacific Railroad Company hereinafter referred to as ("Union Pacific"), is an international transportation company offering a variety of rail, container-shipping, intermodal, trucking and contract logistics services and located at 1400 Douglas Street, Omaha, Nebraska 68179,

with regional offices in Roseville, California, and vacant and funded positions including in the City of Industry, California for which Mr. Wright applied.

## JURISDICTION AND VENUE

3. This is an action under the Section 504 of the Rehabilitation Act of 1973, as amended, ("Rehabilitation Act"), 29 U.S.C. §794 *et. seq.*, and the ("ADAAA"), 42 U.S.C. §§12101, *et. seq.*, Plaintiff seeks declaratory, injunctive and compensatory and punitive relief for denial of employment on the basis of disability, regarded as, record of disability as defined by the applicable statutes and/or denial of a reasonable accommodations by Union Pacific.

4. Venue is properly laid in this district pursuant to 28 U.S.C. §1391(b) because the defendant resides within this district and a substantial part of the events giving rise to the claim occurred in this district, including the special venue statute under the ADAAA and Rehabilitation Act, where any person would have worked but for the alleged unlawful practice. 29 U.S.C. 794(a), incorporating Title VII at 42 U.S.C. 2000e-5(f)(3).

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 1343. This action is authorized and instituted pursuant to Section 504 of the Rehabilitation Act and under the Americans with Disabilities Act.

6. The defendant is a covered employer within the meaning of the Rehabilitation Act and ADAAA because, among other things, they employ the requisite number of employees during the relevant time period.

7. The Plaintiff was denied employment because of his disability or was regarded as disabled based on a perception that he was substantially limited in one or more major life activities and/or was regarded as disabled or record of disability by Union Pacific that this disability prevented him from performing the job held or desired and was refused an accommodation by Union Pacific for this medical conditions including Hypertrophic Cardiomyopathy. At all times relevant to this lawsuit, Plaintiff was a qualified individual with a disability who possessed the requisite qualifications to perform the essential functions of his freight conductor job, with or without an accommodation.

8. At all relevant times, Union Pacific has received federal financial assistance, thereby rendering Section 504 of the Rehabilitation Act applicable to its employment programs and activities.

## **STATEMENT OF FACTS**

9. Carlton Wright was employed by Union Pacific, and its predecessor railroads, as a railroad conductor beginning on or about April 20, 1998.

10. On or about October 13, 2016, Mr. Wright requested medical leave and underwent surgery to implant an Automatic Implantable Cardiac Defibrillator (AICD), as a result of a diagnosis of Hypertrophic Cardiomyopathy.

11. After appropriate treatment and a medical leave of absence, Mr. Wright was released to return to work on December 9, 2016.

12. More specifically, his treating cardiologist released him to return to work without any medical restrictions on December 9, 2016.

13. However, Union Pacific, through its non-examining medical review board, determined that Mr. Wright was permanently disqualified from any safety-sensitive job, erroneously applying the standards for commercial motor carrier drivers under the Federal Motor Carriers Safety Act.

14. Mr. Wright never worked as a railroad engineer or a commercial bus driver; therefore the FMCSA standards are inapplicable and irrelevant to the job duties of a railroad conductor who does not operate locomotives.

15. Despite the Union Pacific's permanent medical disqualification from return to work as a railroad conductor for which Mr. Wright had eighteen years of seniority, Union Pacific refused to consider non-competitive reassignment to other available jobs, including transportation training coordinator positions in various locations system-wide and in City of Industry, California.

16. Mr. Wright was released to return to work at the railroad on December 9, 2016.

17. On or about January 19, 2017, Union Pacific determined that Mr. Wright was medically disqualified from his former position as a conductor and other safety-sensitive positions.

18. Union Pacific never sent Mr. Wright for a functional capacity test or field test to determine his actual ability to perform the essential functions of his former position or alternate positions.

19. Mr. Wright has never experienced any episode of syncope or other symptoms calling in to question his ability to return to work as a conductor or alternate positions.

20. Mr. Wright is aware of other comparator freight and engine employees with a history of cardiac impairments who have returned to work in conductor and other positions on the railroad, with and without reasonable accommodations including John Larson.

21. Union Pacific further changed its reasons for refusing employment opportunities from relying on the FMCSA to electromagnetic fields to the Medical Director's statement that "if they have hypertrophic cardiomyopathy they won't return (to safety-sensitive positions)". Union Pacific refused to engage in the interactive process to consider reasonable accommodations including non-competitive reassignment to alternate positions despite Mr. Carlton's desire to work including applications for employment system-wide and most recently on July 3, 2018 for a vacancy in City of Industry, California.

22. Following its investigation into the above, the Equal Employment Opportunity Commission issued a Cause Determination. (Attached as Ex. 1).

Following a failure to reach conciliation, the EEOC issued a Right to Sue Letter, to which Mr. Wright timely files this Complaint following the exhaustion of administrative remedies under the ADAAA. Claims under the Rehabilitation Act do not require administrative exhaustion.

## COUNT I
### Medical Disqualification: Allegations of Defendant's Violation of the Americans With Disabilities Act and Rehabilitation Act

23. Mr. Wright incorporates by reference all of the above allegations set forth in this Complaint.

24. Mr. Wright was at all relevant times capable of performing the essential functions of a freight conductor with or without accommodations.

25. Mr. Wright was not allowed to return to work, because Mr. Wright was disabled, regarded as disabled and/or had a record of disability within the meaning of the Americans With Disabilities Act and Rehabilitation Act.

26. As a result of this conduct, Union Pacific has caused Mr. Wright the loss of wages and other job benefits and emotional and other harm including punitive damages.

## COUNT II
### Denial of Reasonable Accommodations: Allegations of Defendant's Violation of the Americans With Disabilities Act and Rehabilitation Act

27. Mr. Wright incorporates by reference all of the above allegations set forth in this Complaint.

28. Mr. Wright was at all relevant times capable of performing the essential functions of a freight conductor with or without accommodations. To the extent that Union Pacific maintains that plaintiff creates a "direct threat" due to his actual cardiac impairment or a record of such impairment, defendant has failed and continues to fail to provide a reasonable accommodations including job modification and/or non-competitive reassignment to alternate positions.

29. Mr. Wright was not allowed to return to work, because Mr. Wright was disabled, regarded as disabled and/or had a record of disability within the meaning of the Americans with Disabilities Act and Rehabilitation Act with or without accommodations.

30. As a result of this conduct, Union Pacific has caused Mr. Wright the loss of wages and other job benefits and emotional and other harm and punitive damages.

**PRAYER FOR RELIEF (All Counts)**

WHEREFORE, Mr. Wright demands:

1. Judgment against defendant jointly and severally in an amount to make him whole for all damages suffered by him as a result of defendant's violation of the Americans with Disabilities Act and Rehabilitation Act, including but not limited to, damages for back pay and benefits, front pay, compensatory damages, punitive damages and all other damages recoverable under the above laws plus prejudgment, offset for tax consequences and other interest;

2. That this Court enjoin defendant from further violating the above laws;

3. That this Court order defendant to reinstate Mr. Wright to the position he sought when defendant unlawfully disqualified him with all seniority and benefits he would have otherwise accrued had not defendant violated the above laws;

4. That this Court award Mr. Wright expert witness fees, attorneys' fees and the cost of bringing this action; and

5. That this Court grant his all other relief that he is entitled to under law and equity.

**A JURY TRIAL IS DEMANDED.**

DATED:  July 20, 2018                    Respectfully submitted,

                                         MORGAN & PAUL, PLLC

                                         */s/ Gregory G. Paul*
                                         GREGORY G. PAUL


                                         */s/ Jeff R. Dingwall*
                                         JEFF R. DINGWALL