**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

CARLTON WRIGHT,

    Plaintiff,

v.                                            Case No. 4:18-cv-938-SWW

UNION PACIFIC RAILROAD COMPANY,

    Defendant.

## SECOND AMENDED COMPLAINT

Plaintiff Carlton Wright, by and through his attorneys, and files the following Second Amended Complaint pursuant to this Court's Scheduling Order. Mr. Wright's claims are under the Americans with Disabilities Act, as amended (ADAAA), and the Rehabilitation Act, as amended (RA).

If Union Pacific Railroad Company had evaluated Mr. Wright based upon his experience as a railroad conductor over the course of eighteen years, and not upon their misperception and record of his diagnosis of Hypertrophic Cardiomyopathy, without symptoms, Mr. Wright would have been provided the opportunity to retire. Mr. Wright's implant of an Automatic Implantable Cardiac Defibrillator (AICD) removes any established risk precluding return to work as a conductor. As a result of these violations of federal law, Mr. Wright seeks damages related to his medical disqualification including compensatory and punitive damages.

## PARTIES

1. The plaintiff, Carlton Wright, is an adult individual, residing in Little Rock, AR 72223.

2. The Defendant, Union Pacific Railroad Company hereinafter referred to as ("Union Pacific"), is an international transportation company offering a variety of rail, container-shipping, intermodal, trucking and contract logistics services and located at 1400 Douglas Street, Omaha, Nebraska 68179.

## JURISDICTION AND VENUE

3. This is an action under the Section 504 of the Rehabilitation Act of 1973, as amended, ("Rehabilitation Act"), 29 U.S.C. §794 *et. seq.*, and the ("ADAAA"), 42 U.S.C. §§12101, *et. seq.*, Plaintiff seeks declaratory, injunctive and compensatory and punitive relief for denial of employment on the basis of disability, regarded as, record of disability as defined by the applicable statutes and/or denial of a reasonable accommodations by Union Pacific.

4. Venue is properly laid in this district pursuant to 28 U.S.C. §1391(b) because the defendant resides within this district and a substantial part of the events giving rise to the claim occurred in this district, including the special venue statute under the ADAAA and Rehabilitation Act, where any person would have worked but for the alleged unlawful practice. 29 U.S.C. 794(a), incorporating Title VII at 42 U.S.C. 2000e-5(f)(3). (See Exhibits 2 and 3).

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 1343. This action is authorized and instituted pursuant to Section 504 of the Rehabilitation Act and under the Americans with Disabilities Act.

6. The defendant is a covered employer within the meaning of the Rehabilitation Act and ADAAA because, among other things, they employ the requisite number of employees during the relevant time period.

7. The Plaintiff was denied employment because of his disability or was regarded as disabled based on a perception that he was substantially limited in one or more major life activities and/or was regarded as disabled or record of disability by Union Pacific that this

disability prevented him from performing the job held or desired and was refused an accommodation by Union Pacific for this medical condition including Hypertrophic Cardiomyopathy. At all times relevant to this lawsuit, Plaintiff was a qualified individual with a disability who possessed the requisite qualifications to perform the essential functions of his freight conductor job, with or without an accommodation.

8. At all relevant times, Union Pacific has received federal financial assistance, thereby rendering Section 504 of the Rehabilitation Act applicable to its employment programs and activities.

## STATEMENT OF FACTS

9. Carlton Wright was employed by Union Pacific, and its predecessor railroads, as a railroad conductor beginning on or about April 20, 1998.

10. On or about October 13, 2016, Mr. Wright requested medical leave and underwent surgery to implant an Automatic Implantable Cardiac Defibrillator (AICD), as a result of a diagnosis of Hypertrophic Cardiomyopathy.

11. After appropriate treatment and a medical leave of absence, Mr. Wright was released to return to work on December 9, 2016.

12. More specifically, his treating cardiologist released him to return to work without any medical restrictions on December 9, 2016.

13. However, Union Pacific, through its non-examining medical review board, determined that Mr. Wright was permanently disqualified from any safety-sensitive job, erroneously applying the standards for commercial motor carrier drivers under the Federal Motor Carriers Safety Act.

14. Mr. Wright never worked as a railroad engineer or a commercial bus driver; therefore, the FMCSA standards are inapplicable and irrelevant to the job duties of a railroad conductor who does not operate locomotives.

15. Despite the Union Pacific's permanent medical disqualification from return to work as a railroad conductor for which Mr. Wright had eighteen years of seniority, Union Pacific refused to consider non-competitive reassignment to other available jobs.

16. Mr. Wright was released to return to work at the railroad on December 9, 2016.

17. On or about January 19, 2017, Union Pacific determined that Mr. Wright was medically disqualified from his former position as a conductor and other safety-sensitive positions.

18. Union Pacific never sent Mr. Wright for a functional capacity test or field test to determine his actual ability to perform the essential functions of his former position or alternate positions.

19. Mr. Wright has never experienced any episode of syncope or other symptoms calling in to question his ability to return to work as a conductor or alternate positions.

20. Mr. Wright is aware of other comparator freight and engine employees with a history of cardiac impairments who have returned to work in conductor and other positions on the railroad, with and without reasonable accommodations including John Larson.

21. Union Pacific further changed its reasons for refusing employment opportunities from relying on the FMCSA to electromagnetic fields to the Medical Director's statement that "if they have hypertrophic cardiomyopathy they won't return (to safety-sensitive positions)". Union Pacific refused to engage in the interactive process to consider reasonable accommodations including non-competitive reassignment to alternate positions.

22. Following its investigation into the above, the Equal Employment Opportunity Commission issued a Cause Determination. (Attached as Ex. 1). Following a failure to reach

conciliation, the EEOC issued a Right to Sue Letter, to which Mr. Wright timely files this Complaint following the exhaustion of administrative remedies under the ADAAA. Claims under the Rehabilitation Act do not require administrative exhaustion.

### COUNT I
### Medical Disqualification: Allegations of Defendant's Violation of the Americans With Disabilities Act and Rehabilitation Act

23. Mr. Wright incorporates by reference all of the above allegations set forth in this Complaint.

24. Mr. Wright was at all relevant times capable of performing the essential functions of a freight conductor with or without accommodations.

25. Mr. Wright was not allowed to return to work, because Mr. Wright was disabled, regarded as disabled and/or had a record of disability within the meaning of the Americans With Disabilities Act and Rehabilitation Act.

26. As a result of this conduct, Union Pacific has caused Mr. Wright emotional distress and other harm including punitive damages.

### COUNT II
### Denial of Reasonable Accommodations: Allegations of Defendant's Violation of the Americans With Disabilities Act and Rehabilitation Act

27. Mr. Wright incorporates by reference all of the above allegations set forth in this Complaint.

28. Mr. Wright was at all relevant times capable of performing the essential functions of a freight conductor with or without accommodations. To the extent that Union Pacific maintains that plaintiff creates a "direct threat" due to his actual cardiac impairment or a record of such impairment, defendant has failed and continues to fail to provide a reasonable accommodation including job modification and/or non-competitive reassignment to alternate positions.

29. Mr. Wright was not allowed to return to work, because Mr. Wright was disabled, regarded as disabled and/or had a record of disability within the meaning of the Americans with Disabilities Act and Rehabilitation Act with or without accommodations.

30. As a result of this conduct, Union Pacific has caused Mr. Wright emotional distress and other harm and punitive damages.

## PRAYER FOR RELIEF (All Counts)

WHEREFORE, Mr. Wright demands:

1. Judgment against defendant jointly and severally in an amount to make him whole for emotional distress damages suffered by him as a result of defendant's violation of the Americans with Disabilities Act and Rehabilitation Act, including but not limited to compensatory damages, punitive damages recoverable under the above laws plus prejudgment, reinstatement, offset for tax consequences and other interest;

2. That this Court enjoin defendant from further violating the above laws;

3. That this Court award Mr. Wright expert witness fees, attorneys' fees and the cost of bringing this action.

**A JURY TRIAL IS DEMANDED.**

    Respectfully submitted,

    MORGAN & PAUL, PLLC

    _____/Gregory G. Paul_____
    GREGORY G. PAUL
    PA ID Number: 83334
    First and Market Building
    100 First Avenue, Suite 1010
    Pittsburgh, PA 15222
    (412) 259-8375 (telephone)
    (888) 822-9421 (facsimile)
    gregpaul@morgan-paul.com

    *Attorney for Plaintiff*

Dated:  March 22, 2021.

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been served via this Court's CM/ECF filing system this 22nd day of March 2021 upon the following:

Counsel of Record

                                        /s/ Gregory G. Paul
                                        GREGORY G. PAUL